## LARY *vs.* CRAIG.

[PROCEEDING BEFORE PROBATE COURT FOR REMOVAL OF WARD'S PROPERTY TO ANOTHER STATE.]

1. *What property may be removed.*—An infant's distributive share of an unsettled estate, in the hands of an administrator, cannot be made the ground of an application for its removal to another State, (Code, §§ 2032–34,) until after the rendition of a final decree against the administrator. (WALKER, J., *dissenting.*)

2. *Foreign transcript must set out bond.*—The transcript which a foreign guardian, making application for the removal of his ward's property to another State, is required to produce, must not only show that he has given bond, with security, for the performance of his trust, but must also set out a copy of such bond, with its approval, in order that the court ordering the removal may see that it is sufficient to protect the ward's estate. (WALKER, J., *dissenting.*)

3. *What is good cause against removal.*—Good cause why an order of removal should not be made, within the meaning of the statute, must, as a general rule, be such as pertains to the security of the ward's property, or the protection of the resident holder of such property : the fact that the ward's mother wishes to remove to this State, with the additional fact that none of the relatives of his deceased father reside in the foreign State, does not furnish a sufficient reason for withholding an order of removal.

APPEAL from the Probate Court of Dallas.

IN the matter of the guardianship of Adam S. H. Ledlow, a minor, who was one of the heirs-at-law and distributees of Adam Ledlow and Obedience Ledlow, both deceased ; on the application of Alfred B. Lary to remove the property of said minor to the State of Arkansas. All

the material facts of the case are stated in the opinion of the court.

GEO. W. GAYLE, for the appellant.

PEGUES & DAWSON, *contra*.

STONE, J.—This application was made by petition under sections 2032–3 of the Code. The probate judge refused to make the order, and dismissed the petition, after hearing all the proof in the case. If any ground exist on which to rest this decision, it is our duty to affirm it, although a wrong reason may have been assigned for the judgment.

The right of a foreign guardian to obtain an order, such as was asked for in this case, is purely statutory. Unless the record discloses a case within the letter of the statute, the probate court has no jursdiction over the case. Let us test this petition and the accompanying transcript by this rule.

The Code (§ 2032) declares, that "when the guardian and ward are both non-residents, and the ward is entitled to property in this State, * * * such property may be removed to the State of the residence of the ward," &c. The petition shows that the guardian and ward are both non-residents. Does it show that the ward is entitled to property in this State? To be *entitled*, as we understand this language, must mean that there is a right to demand and receive; a present, not a prospective or contingent right; a right to the present possession, not a right to receive the distributive interest, after a settlement to be subsequently had. To hold otherwise, would be to decide, that a foreign guardian is *entitled* to the property of his ward, when a resident distributee or guardian would have no such right.

To prove that we are right in this construction of the language *"entitled to recover,"* it is only necessary to inquire what is the effect of the order when granted. It is an authority to the foreign guardian "to sue for and recover [the ward's property] in his own name for the use of his ward."—Code, § 2033, last clause. Further, "such order

is a discharge of the executor, administrator, or other person in whose possession such property may be at the time of the order made."—Code, § 2034. We cannot give effect to these plain provisions of the Code, unless we hold that the *order* gives the foreign guardian a perfect right to remove the property; while at the same time, it deprives the person in whose possession the property may be, of all right to defend against the demand of the foreign guardian, first, because such right to defend would be inconsistent with this statutory right of the foreign guardian to recover; and, second, because the *order* discharges the resident holder from the trust, which is inconsistent with any right to defend.

Again, the petition in this case does not show that the estate in which the ward is a distributee has been settled, or that it is in a condition to be settled, or that the distributees have the right to call for distribution.— See Code, §§ 1821, 1772, 1778. Conceding the entire averments of the petition to be true, it would not authorize a resident distributee to call for his distributive interest. We cannot believe it was the intention of the legislature to confer on foreign guardians greater privileges than are enjoyed by resident distributees.

We have shown above, that the order to remove, when granted, gives to the foreign guardian the right to sue for and recover the property of his ward. The ward's right, as a distributee of an unsettled estate, cannot be known, nor can it be ascertained in an action at law. A settlement of the estate is necessary to its ascertainment. We repeat, a resident distributee can maintain no action at law for the recovery of his distributive interest until a settlement of the estate has been had, and we are unwilling to give to the language of the Code a forced construction, so as to confer this superior privilege on a foreign guardian.

It may be contended, that the order mentioned in section 2033 may and does mean simply an authority to call the executor or administrator to a settlement; and that when no *good cause* is shown why the settlement should not be made, it would be the duty of the probate court to

41

make the order. This proposition might be conceded, without affecting the result of this case, as the petition we are considering entirely fails to make such a case.

But we do not think the argument a sound one. The words "sue for and recover" are utterly inapt to express the right to bring an executor or administrator to a settlement. We must, in the construction of this language, give to it its common meaning. It refers to an ordinary suit,—not to the statutory proceedings of the probate court.

If it be contended, that whenever a partial settlement of an estate has been made, and a balance decreed to the ward, the court, on proper application, should make an order for removal; the answer is, first, that the effect of such order, as shown in section 2034, forbids this construction; and, second, the establishment of this rule might render it necessary to make several orders for the removal of the property belonging to one ward. The statute does not authorize the making of more than one order.

We hold, that a foreign guardian has no right to ask for an order of removal of his ward's property, until a settlement has been had of the estate from which he derives such property. It results from this, that the petition in this case is fatally defective, and no valid order could be made upon it.

If the executor or administrator improperly delay the settlement of the estate, the ward is not without remedy. A resident guardian may be appointed under the act approved February 14, 1856.—Pamph. Acts, p. 30.

Having ascertained that the petition is defective, we proceed to show that the accompanying transcript is also defective. The authentication seems to be regular, but its contents are imperfect. Under the Code, (§ 2033,) the transcript is required to show three things: 1st, "that he [the guardian] has been appointed guardian of the minor in the State in which he and the ward reside"; 2d, that he "has duly qualified as such, according to the laws thereof"; and 3d, "that he has given bond, with surety, for the performance of his trust." This transcript com-

Lary v. Craig.

plies strictly with the requirements numbered 1 and 3, but is silent in relation to number 2. Although, in ordinary cases, we would presume that the foreign court did its duty, (see Slaughter v. Cunningham, 24 Ala. 260,) yet, the legislature having required that the transcript shall show affirmatively that the guardian has qualified according to the laws of that State, we have no authority to dispense with this condition. The petitioner does not bring himself within the statute, until he shows that he has complied with each condition.

Having stated this much, we add that it is not enough that the certificates of the officers or any of them shows this compliance. The *body* of the transcript—the *record* itself—must contain the evidence. In other words, the judgment of the court making the appointment, must show affirmatively that our statute has been complied with. It should also contain a copy of the bond, and its approval, to enable the probate court of this State to determine whether the estate of the ward is secured by a sufficient penalty. A transcript which fails in any of these requisites, must be held insufficient.

If we pass from the consideration of the petition and transcript, to the evidence recited in the record, we find nothing which authorizes us to infer that the estate has been settled up; but, on the contrary, the record tends strongly to prove that no such settlement has taken place.

It is not for us to determine at this time the full import of the words "*good cause* why the order should not be granted." Evidently, as a general rule, it must be such as pertains to the security of the ward's property, or the protection of the resident holder of the property. We will not say there might not be other causes which the law would pronounce good; but we are satisfied, that neither the "wish" of Mrs. Ledlow, the ward's mother, to remove to Alabama, nor the fact that none of the relations of the ward's father lived in Arkansas, furnished a sufficient reason for withholding the order.

It is, perhaps, not proper for us to determine absolutely, at this time, whether the order of the probate court of Dallas was such a final "judgment or decree;" as that an

appeal would lie from it to this court under section 3016 of the Code. See, on this subject, Rice v. D. L. & N. Turnpike Road Co., 7 Dana, 81. We think there is nothing in the argument drawn from the fact that sections 2032–3 of the Code employ the language "judge of probate," instead of "probate court." Throughout the chapter in which these sections are found, the words *judge of probate* are frequently used; and in many cases they must be held to designate the court itself, and not the officer who presides over it.—See §§ 2022, 2037, 2038, 2012, 2013, 2016, 2018, 2025, 2026. Section 2038, construed with section 2037, shows that in this chapter the words *probate court* and *judge of probate* are used convertibly.

The judgment of the probate court of Dallas is affirmed.

WALKER, J., *dissenting*, refers to his opinion in Carlisle v. Tuttle. (*Ante, p.* 613.)